IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VELMA BURKS, on behalf of herself and those similarly situated, 810 Fork Landing Road, Unit 303, Maple Shade, NJ 08052<br><br>Plaintiff,<br>v.<br><br>US ADULT CARE, LLC d/b/a HOME INSTEAD SENIOR CARE 1970 Swathmore Ave, #2 Lakewood, NJ 08701<br><br>and<br>JOHN DOES 1-10 c/o US Adult Care, LLC d/b/a/ Home Instead Senior Care 1970 Swathmore Ave, #2 Lakewood, NJ 08701 | COLLECTIVE ACTION FOR UNPAID OVERTIME AND MINIMUM WAGE UNDER FLSA<br><br>CLASS ACTION FOR UNPAID OVERTIME AND MINIMUM WAGE AND UNPAID WAGES UNDER NEW JERSEY WAGE AND HOUR AND WAGE PAYMENT LAW<br><br>CLASS ACTION FOR UNPAID WAGES DUE UNDER CONTRACTS<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Velma Burks (hereinafter "Plaintiff"), on behalf of herself and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains as follows against US Adult Care, LLC d/b/a/ Home Instead Senior Care, and John Does 1-10 (hereinafter collectively referred to as "Defendants").

### INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), and the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively "New Jersey Wage Laws"). Plaintiff further asserts that Defendants breached their contractual obligations to Plaintiff and those similarly situated (hereinafter "Putative Plaintiffs"). Plaintiff asserts that Defendants paid Plaintiff and Putative

Plaintiffs below the state and federal minimum hourly wage, failed to pay Plaintiff and Putative Plaintiffs proper overtime compensation in violation of the FLSA and New Jersey Wage Laws, and failed to pay wages to Plaintiff and Putative Plaintiffs for certain hours worked in violation of the FLSA and the New Jersey Wage Laws. Plaintiff further asserts that Defendants breached their contractual obligations by failing to pay Plaintiff and Putative Plaintiffs the wages promised by contractual agreement.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under a federal law, the FLSA, 29 U.S.C. §201 *et seq*. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth above.

8. Defendant US Adult Care LLC, d/b/a Home Instead Senior Care ("Defendant Company"), upon information and belief, operates at the address as set forth above and operates at least one facility in the State of New Jersey.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants failing to pay Plaintiff and Putative Plaintiffs proper compensation pursuant to the FLSA and/or New Jersey Wage Laws.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Plaintiff and Putative Plaintiffs.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants whose primary duties include providing home health services in Defendants' clients' homes and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class will be referred to as "Collective Action Plaintiffs").

13. Plaintiff and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16. Therefore, Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## NEW JERSEY WAGE LAW CLASS ACTION

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings her claim for relief to redress Defendants' violations of the New Jersey Wage Laws on behalf of herself and those similarly situated.

19. Specifically, Plaintiff seeks to represent a class of all persons presently and formerly employed by Defendants whose primary duties include providing home health services in Defendants' clients' homes and who worked for Defendants at any point in the two years preceding the date the instant action was initiated ("New Jersey Wage Plaintiffs")

20. Plaintiff and New Jersey Wage Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

21. The class is so numerous that the joinder of all class members is impracticable. Plaintiff does not know the exact size of the class, as such information is in the exclusive control

of Defendants; however, on information and belief, the number of potential class members is forty to fifty, or more.

22. Plaintiff's claims are typical of the claims of the putative class members, because Plaintiff, like all New Jersey Wage Plaintiffs, was an employee of Defendants in New Jersey whom (1) Defendants required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by the New Jersey Wage Laws; (2) Defendants failed to compensate at all for certain compensable hours worked; and (3) Defendants failed to pay minimum wage pursuant to the New Jersey Wage Laws.

23. Plaintiff will fairly and adequately protect the interests of New Jersey Wage Plaintiffs because Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

24. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

26. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether (1) Defendants required New Jersey Wage Plaintiffs to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by New Jersey Wage and Hour Law and New Jersey Wage Payment Law; (2) Defendants failed to compensate New Jersey Wage Plaintiffs at all for certain compensable hours worked; and (3) Defendants failed to pay New Jersey Wage Plaintiffs minimum wage.

## NEW JERSEY CONTRACT LAW CLASS ACTION

27. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

28. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings her claim for relief to redress Defendants' violations of New Jersey contract law on behalf of herself and those similarly situated.

29. Specifically, Plaintiff seeks to represent a class of all persons presently and formerly contracted by Defendants to be paid a set hourly fee to perform home health services for Defendants and then who were then paid less than the contractually agreed upon rate at any point in the six (6) years preceding the filing of the instant action ("New Jersey Contract Plaintiffs").

30. Plaintiff and New Jersey Contract Plaintiffs are similarly situated, have substantially similar contracts with Defendants, had their contracts breached by Defendants in the same material manner, and were all economically harmed in a similar manner as a result of Defendants' unlawful conduct.

31. The class is so numerous that the joinder of all class members is impracticable. Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is forty to fifty, or more.

32. Plaintiff's claims are typical of the claims of the putative class members, because Plaintiff, like all New Jersey Contract Plaintiffs, was contracted by Defendants in New Jersey to be a paid a set hourly rate for her regular hours and a set hourly rate for her overtime hours. Defendants breached its contractual obligations to Plaintiff, like it did to all New Jersey Contract Plaintiffs, by paying Plaintiff substantially less than it was contractually obligated to pay.

33. Plaintiff will fairly and adequately protect the interests of New Jersey Contract Plaintiffs because Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

34. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for

individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

36. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether (1) Defendants entered into a contract with New Jersey Contract Plaintiffs regarding their pay; and (2) whether Defendants breached their obligations to pay New Jersey Contract Plaintiffs according to the contract.

## FACTUAL BACKGROUND

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Plaintiff, Collective Action Plaintiffs, New Jersey Wage Plaintiffs, and New Jersey Contract Plaintiffs (hereinafter collectively referred to as "Putative Plaintiffs") are current and/or former employees of Defendant Company.

39. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years, and has enforced such unlawful policies at all of its facilities.

40. Putative Plaintiffs regularly worked/work in excess of 40 hours per workweek.

41. Putative Plaintiffs were/are employed directly by Defendant Company.

42. Putative Plaintiffs did/do not work in the home of their direct employer.

43. Putative Plaintiffs did/do not interview, hire, or terminate employees during their tenure with Defendants.

44. Putative Plaintiffs did/do not discipline employees during their tenure with Defendants.

45. Putative Plaintiffs did/do not perform management or supervisory functions while in the employ of Defendants.

46. Defendant Company assigned/assigns Putative Plaintiffs to provide home health care services for its clients.

47. Putative Plaintiffs live in Defendants' clients' homes and work up to twenty-four (24) hours per day, seven days per workweek, minus only the hours they sleep.

48. Plaintiff's pay records indicate that she worked 24 hours per day on most days.

49. Upon information and belief, Putative Plaintiffs' pay records illustrate that they routinely worked up to 24 hours per day, 7 days per week.

50. Defendants paid/pay Putative Plaintiffs a set rate per day based on eight (8) hours of work; five (5) of which Defendants designated as "straight time" and three of which are considered overtime.

51. Defendants did/do not compensate Putative Plaintiffs for any hours beyond 8 per day.

52. Defendants agreed to pay Putative Plaintiffs a set amount for each regular hour and each overtime hour they worked.

53. Despite their promises to Putative Plaintiffs, Defendants never paid an hourly rate even remotely reaching the agreed upon rate.

54. Instead Defendants regularly paid Putative Plaintiffs a set daily rate between $90-$100 per day for all hours worked, which amounts to a rate between $3.75-$4.16 per hour.

55. Furthermore, Putative Plaintiffs had their wages deducted if they left the client's house, even if they only left for a few minutes.

56. Defendants routinely docked pay from Plaintiff and, upon information and belief, Putative Plaintiffs, for leaving the client's home during the 24-hour shift.

57. For instance, on May 26, 2010, Defendants docked Plaintiff's pay 42% because Plaintiff had left the clients' house for approximately one hour during a 24-hour shift.

58. Furthermore, Defendants docked Plaintiff's pay 50% on July 2, 2010 and 67% on July 14, 2010, because Plaintiff had left the client's house for 30 minutes to 1 hour on her 24-hour shifts.

59. Accordingly, Putative Plaintiffs were not permitted to even leave the clients' homes during their 24-hour shifts without having their pay docked substantially.

60. Defendants failed to pay Putative Plaintiffs overtime compensation as required by law.

61. Furthermore, Defendants have failed to pay Putative Plaintiffs minimum wage as required by law.

62. The aforementioned conduct has caused damages to Putative Plaintiffs.

### COUNT I
### Fair Labor Standards Act ("FLSA")
### (Failure to pay Overtime Compensation)
### (Plaintiff and Collective Action Plaintiffs v. Defendants)

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

65. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff and Collective Action Plaintiffs.

66. At all times relevant herein, Plaintiff and Collective Action Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

67. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

68. Defendants failed to pay Plaintiff and Collective Action Plaintiffs at least 1.5x their regular hourly rate for hours worked in excess of 40 per workweek.

69. Defendants' conduct in failing to pay Plaintiff and Collective Action Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

70. As a result of Defendants' unlawful conduct, Plaintiff and Collective Action Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Fair Labor Standards Act ("FLSA")
(Failure to pay Minimum Wage)
(Plaintiff and Collective Action Plaintiffs v. Defendants)

71. The foregoing paragraphs are incorporated herein as if set forth in full.

72. At all times relevant herein, Defendants were responsible for paying minimum hourly wages to Plaintiff and Collective Action Plaintiffs.

73. Under the FLSA, an employer must pay an employee the federal minimum wage.

74. Defendants' conduct in failing to pay Plaintiff and Collective Action Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

75. As a result of Defendants' unlawful conduct, Plaintiff and Collective Action Plaintiffs have suffered damages as set forth herein.

## COUNT III
### New Jersey Wage and Hour Law and New Jersey Wage Payment Law
### (Failure to pay Overtime Compensation)
### (Plaintiff and Collective Action Plaintiffs v. Defendants)

76. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

77. Defendants' violated New Jersey Wage Laws by not paying Plaintiff and New Jersey Wage Plaintiffs at least 1.5 times their base rate as explained *supra*.

78. As a result of Defendants' unlawful conduct, Plaintiff and New Jersey Wage Plaintiffs have suffered damages as set forth herein.

## COUNT IV
### New Jersey Wage and Hour Law and New Jersey Wage Payment Law
### (Failure to pay Minimum Wage)
### (Plaintiff and New Jersey Wage Plaintiffs v. Defendants)

79. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

80. Defendants' violated New Jersey Wage Laws by not paying Plaintiff and New Jersey Wage Plaintiffs minimum hourly wage as explained *supra*.

81. As a result of Defendants' unlawful conduct, Plaintiff and New Jersey Wage Plaintiffs have suffered damages as set forth herein.

## COUNT V
### Breach of Contract
### (Plaintiff and New Jersey Contract Plaintiffs v. Defendant U.S. Adult Care, LLC)

82. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

83. Defendant entered into a contract with Plaintiff and New Jersey Contract Plaintiffs in which it agreed to pay them at an hourly rate substantially higher than what Defendant actually paid Plaintiff and New Jersey Contract Plaintiffs.

84. By way of example:

    a. Defendant entered into a contract with Plaintiff where it agreed to pay her at a rate of $9.73 per hour for each regular hour and $14.68 per hour for each overtime hour worked.

    b. Defendant never paid Plaintiff at a rate of $9.73 or $14.68 per hour; instead, it generally paid Plaintiff an amount which amounted to $4.125 per hour.

    c. Furthermore, on some days, when Defendant claimed Plaintiff failed to work her entire 24-hour shift, Defendant paid Plaintiff even less. For example, on July 14, 2010, Defendant claimed that Plaintiff only worked an 8 hour shift (a claim which Plaintiff disputes). Defendant only paid Plaintiff $33 for the alleged 8 hour shift, an amount which equates to $4.125 per hour.

85. The aforementioned conduct of Defendant is made only to illustrate a single example of the conduct Defendant committed against Plaintiff and New Jersey Contract Plaintiffs which breached the contractual obligations owed to each of them.

86. Defendant violated the terms of the contracts it entered into with Plaintiff and New Jersey Contract Plaintiffs.

87. As a result of Defendant's unlawful conduct, Plaintiff and New Jersey Contract Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiff and Putative Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state law;

(2) Defendants are to compensate, reimburse, and make Plaintiff and Putative Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Plaintiffs are to be awarded liquidated and/or punitive damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Plaintiffs are to be awarded all other damages as this Court deems just and proper;

(5) Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Respectfully Submitted,

/s/ Justin L. Swidler
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: August 10, 2011